IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTORIA DAMONE-BAIRD and JILL SUTHERLAND, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| vs. | § § § | |
| INTERNATIONAL HEALTH SHARING, INC. d/b/a NETWELL, BENEFIT MARKETING ALLIES CORPORATION, ALEXANDER CARDONA (an Individual), and RONALD BRUNO (an Individual), | § § § § § § § | Jury Demanded |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiffs Victoria Damone-Baird ("Damone-Baird") and Jill Sutherland ("Sutherland") (collectively "Plaintiffs") bring this action against Defendants International Health Sharing, Inc. d/b/a netWell ("netWell"), Benefit Marketing Allies Corporation ("BMA"), Alexander Cardona ("Cardona"), and Ronald Bruno ("Bruno") (hereinafter collectively referred to as "Defendants") and would show this Court as follows:

I.   PARTIES

1.   Plaintiff Victoria Damone-Baird is an individual citizen of the state of Texas who resides in Dallas, Texas.  Mrs. Damone-Baird's consent to this action is attached as Exhibit A.

2.   Plaintiff Jill Sutherland is an individual citizen of the state of Georgia who resides in Jefferson, Georgia. Mrs. Sutherland's written consent to this action is attached as Exhibit B.

3.   Defendant Benefit Marketing Allies Corporation is a Delaware corporation with its principal place of business in Johns Creek, Georgia.  BMA does not maintain a registered agent in

Texas for service of process. As such, BMA may be served by serving the Texas Secretary of State.

4. Defendant International Health Sharing, Inc. d/b/a netWell is a Texas non-profit corporation with its principal place of business in Irving, Texas. netWell may be served with process via its registered agent, Ronald Bruno, 15313 Falconhead Grove Loop, Austin, Texas 78738.

5. Defendant Alexander Cardona is an individual who resides in Georgia. Defendant Alexander Cardona may be served by serving the Texas Secretary of State.

6. Defendant Ronald Bruno is an individual who resides in Texas. Defendant Ronald Bruno may be served by serving him at 15313 Falconhead Grove Loop, Austin, Texas 78738 or wherever he may be found.

## II.   JURISDICTION AND VENUE

7. This Court has jurisdiction over this case because Plaintiffs have asserted claims under federal law, specifically 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiffs' breach of contract claims under 28 U.S.C. § 1367 as the claims under the federal law and state law are so related they form part of the same case or controversy.

8. Venue properly lies in this Court because netWell's principal place of business is in Dallas County, Texas, which is in the District and Division in which suit has been filed.

## III.   COVERAGE

9. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.SC. § 203(r).

11. At all times hereinafter mentioned, Plaintiffs were employees who were engaged in commerce as required by 29 U.S.C. §§ 206-207.

## IV.    FACTS

12. BMA and netWell are medical cost sharing organizations organized and operated by Defendant Cardona and Bruno. Cardona and Bruno exercised significant operational control over the corporate affairs of netWell and BMA, including the power to hire and fire employees, supervising and controlling employee work schedules and conditions of employment, and determining the rate and method of compensation for employees, at all times relevant to this action.

13. Defendants employed Damone-Baird and Sutherland from 2021 until 2023 and 2024, respectively. Specifically, Plaintiffs were employed as follows:

| Employee | Annual Salary |
| --- | --- |
| Damone-Baird | $200,000 |
| Sutherland | $65,000 |

14. Throughout Plaintiffs' employment with Defendants, Defendants regularly failed to pay them their salary. In fact, Defendants failed to pay Plaintiffs any wages for numerous pay periods. During these periods in which Defendants failed to pay Plaintiffs any wages, Plaintiffs regularly worked in excess of forty (40) hours in a workweek.

## V.    CAUSES OF ACTION

***Failure to Pay Minimum Wage in Accordance with the FLSA by Defendants netWell, BMA, Cardona, & Bruno***

15. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 14 hereinabove.

16. During the relevant period, Defendants have violated the provisions of Section 6 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).

17. Defendants failed to pay Plaintiffs any wages during numerous workweeks in which Plaintiffs engaged in commerce or Defendants engaged in commerce pursuant to 29 U.S.C. § 206.  Plaintiffs were non-exempt employees during the workweeks Defendants failed to pay Plaintiffs any wages because Defendants failed to pay Plaintiffs the minimum salary requirements under the FLSA.

18. Defendants' deliberate decision to not compensate Plaintiffs for certain workweeks constitutes a willful violation of the FLSA.

### *Failure to Pay Overtime Wages in Accordance with the FLSA by Defendants netWell, BMA, Cardona, & Bruno*

19. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 14 hereinabove.

20. During the relevant period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

21. Defendants failed to pay Plaintiffs any wages during numerous workweeks in which Plaintiffs engaged in commerce or Defendants engaged in commerce pursuant to 29 U.S.C. § 207.  During these workweeks in which Defendants failed to pay Plaintiffs any wages, Plaintiffs regularly worked in excess of forty (40) hours per workweek.  Defendants failed to pay Plaintiffs time-and-a-half for all hours they worked in excess of forty (40) hours in a workweek.  Plaintiffs were non-exempt employees during the workweeks Defendants failed to pay Plaintiffs any wages because Defendants failed to pay Plaintiffs the minimum salary requirements under the FLSA.

22. Defendants' deliberate decision to not compensate Plaintiffs for certain workweeks constitutes a willful violation of the FLSA.

*Breach of Contract by Defendants netWell and BMA*

23. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 14 hereinabove.

24. netWell and BMA breached their contracts with Plaintiffs by failing to perform their obligations under the contract. Specifically, netWell and BMA failed to pay Plaintiffs all the monies owed under their contracts including compensation for the work Plaintiffs performed at the behest of netWell and BMA. The breach was material because netWell and BMA did not substantially perform a material obligation required under the contract. Plaintiffs' injuries were a natural, probable, and foreseeable consequence of netWell and BMA's breach. As a result of netWell and BMA's breach, Plaintiffs suffered damages and Plaintiffs hereby sue.

## VI.   JURY TRIAL DEMAND

25. Plaintiffs demand a trial by jury on all issues of facts and damages raised in this case.

## VII.   RELIEF SOUGHT

26. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

    a. For an Order awarding Plaintiffs back wages Defendants failed to pay pursuant to their contract with Plaintiffs;

    b. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    c. For an Order awarding Plaintiffs the costs of this action;

    d. For an Order awarding Plaintiffs their attorneys' fees;

e.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM**
8080 North Central Expressway
Suite 1700
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(972) 692-7145 (Facsimile)

*Of Counsel:*

**THE LAMBERSON LAW FIRM PC**
6333 East Mockingbird Lane
Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson, Lead Attorney
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## EXHIBIT A

### *PLAINTIFF JILL SUTHERLAND'S CONSENT TO FLSA ACTION*

I, Jill Sutherland, hereby consent to be named as a party Plaintiff in the Original Complaint filed against International Health Sharing, Inc. d/b/a netWell, Benefit Marketing Allies Corporation, Alex Cardona, and Ronald Bruno for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as outlined in the Original Complaint.

I have read, reviewed, and understand the Original Complaint, and I affirm that I have personal knowledge of the claims made therein. I wish to receive a monetary recovery.

In this action, I am represented by Michael E. Coles, of The Coles Firm P.C., 8080 North Central Expressway, Suite 1700, Dallas, Texas 75206, and Elizabeth Aten Lamberson, of The Lamberson Law Firm PC, 6333 E. Mockingbird Ln, Suite 147-524, Dallas, Texas 75214.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

*Jill Sutherland*
12/05/2024
Date                                        Jill Sutherland

# EXHIBIT A

### *PLAINTIFF VICTORIA DAMONE-BAIRD'S CONSENT TO FLSA ACTION*

I, Victoria Damone-Baird, hereby consent to be named as a party Plaintiff in the Original Complaint filed against International Health Sharing, Inc. d/b/a netWell, Benefit Marketing Allies Corporation, Alex Cardona, and Ronald Bruno for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as outlined in the Original Complaint.

I have read, reviewed, and understand the Original Complaint, and I affirm that I have personal knowledge of the claims made therein. I wish to receive a monetary recovery.

In this action, I am represented by Michael E. Coles, of The Coles Firm P.C., 8080 North Central Expressway, Suite 1700, Dallas, Texas 75206, and Elizabeth Aten Lamberson, of The Lamberson Law Firm PC, 6333 E. Mockingbird Ln, Suite 147-524, Dallas, Texas 75214.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

11/25/2024

Date

Victoria Damone-Baird