IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTORIA DAMONE-BAIRD and JILL SUTHERLAND, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:24-cv-03089-L |
| vs. | § § § | |
| INTERNATIONAL HEALTH SHARING, INC. d/b/a NETWELL, BENEFIT MARKETING ALLIES CORPORATION, ALEXANDER CARDONA (an Individual), and RONALD BRUNO (an Individual), | § § § § § § § | Jury Demanded |
| Defendants. | § | |

### PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SEVER

Plaintiffs Victoria Damone-Baird and Jill Sutherland ("Plaintiffs") hereby file their Reply in Support of Plaintiffs' Motion to Sever and, in support thereof, respectfully state:

On March 28, 2025, Plaintiff filed their Motion to Sever, seeking to sever Defendant Benefit Marketing Allies Corporation ("BMA") from the above-referenced lawsuit because BMA filed a petition for protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia. Defendant Alexander Cardona ("Cardona") filed his response on April 24, 2025.[1] Relying on Texas case law and the Texas Rules of Civil Procedure, Cardona argues that severance is improper because Plaintiffs' claims against BMA and Cardona are so interwoven that severance will be prejudicial and inefficient.

Setting aside the inapplicability of the authority Cardona cites, Cardona apparently misunderstands the situation. BMA's bankruptcy case is a Chapter 7, no-asset bankruptcy. The

---

[1] Plaintiffs note that, under the Local Rules for the Northern District of Texas, Cardona's response was due on April 18, 2025.

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' TO MOTION TO SEVER - PAGE 1

chances of Plaintiffs' claims against BMA being substantively addressed or of Plaintiffs recovering any of the amounts they are due is negligible, at best. Accordingly, there is no real danger of conflicting findings or of the Defendants in this case having to defend themselves in more than one forum, and, therefore, no real danger of any prejudice or inefficiency.

Moreover, refusing the severance would improperly extend the Section 362 bankruptcy stay to non-debtors, in contravention of established law and in prejudice to Plaintiffs, who would be left with no avenue to pursue the non-debtor defendants, since they are not subject to any bankruptcy court jurisdiction. *McConathy v. Found. Energy Fund IV-A, L.P.,* 111 F.4th 574, 581-82 (5th Cir. 2024), *citing Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–05 (3rd Cir. 1991) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis."); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'") (quoting *Maritime Elec. Co.*, 959 F.2d at 1205); *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2nd Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n.4 (5th Cir. 1986) ("The well established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants."). For these reasons, Plaintiffs ask this Court to grant their Motion to Sever.

WHEREFORE Plaintiffs Victoria Damone-Baird and Jill Sutherland respectfully request this Court (1) sever their claims against Defendant Benefit Marketing Allies Corporation from their claims against Defendants International Health Sharing, Inc. d/b/a netWell, Ronald Bruno, and Alexander Cardona, (2) administratively close Plaintiffs' severed lawsuit against Defendant

Benefit Marketing Allies Corporation, and (3) grant Plaintiffs any other or further relief to which they may be legally or equitably entitled.

        Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM**
8080 North Central Expressway
Suite 1700
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(214) 443-7861 (Facsimile)

*Of Counsel:*

**THE LAMBERSON LAW FIRM PC**
6333 East Mockingbird Lane
Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson, Lead Attorney
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

    I certify a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system on May 1, 2025.

_____
Elizabeth Lamberson